**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 5 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ALFORD LAMONT WEST,

      Petitioner-Appellant,

v.

RON WARD; ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA,

      Respondents-Appellees.

No. 00-7034
(D.C. No. 95-CV-178-S)
(E.D. Okla.)

---

**ORDER AND JUDGMENT** [*]

---

Before **EBEL, KELLY,** and **LUCERO** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Alford West, a state inmate appearing pro se, seeks a certificate of appealability (COA) in order to challenge the district court's dismissal of his 28 U.S.C. § 2254 habeas petition. *See* 28 U.S.C. § 2253(c)(1)(A) (providing that no appeal may be taken from the denial of a § 2254 petition unless the petitioner first obtains a COA). Because West filed his § 2254 petition in the federal district court in April 1995, the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, does not apply to the merits of his claims. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). AEDPA's provisions regarding the necessity of obtaining a COA as a predicate for appellate review do apply, however, to cases such as this one in which the notice of appeal was filed after AEDPA's April 24, 1996 effective date. *Slack v. McDaniel*, 120 S. Ct. 1595, 1603 (2000); *Romero v. Furlong*, 215 F.3d 1107, 1111 n.2 (10th Cir.), *cert. denied*, 121 S. Ct. 434 (2000). We deny his application for COA and dismiss this appeal.

I.

West was charged in 1990 with one count of assault with intent to kill and one count of robbery. He was initially declared incompetent to stand trial in October 1990, but with a finding that he was capable of achieving competency with treatment. West was committed to a state hospital for treatment. There, he was given psychiatric medication. At a second competency hearing in December

1990, West was found competent to stand trial.  He pled guilty in May 1991.

He did not file a direct appeal, but did file several unsuccessful applications for

post-conviction relief in state court.

West filed his § 2254 petition on April 18, 1995.  With the district court's

consent, he amended his petition on February 23, 1998, asserting that, in light of

*Cooper v. Oklahoma* , 517 U.S. 348 (1996), the trial court had applied an

unconstitutional burden of proof when it found him competent to stand trial.

In *Cooper* , the Supreme Court held that Oklahoma's standard of determining

a defendant's competency to stand trial by clear and convincing evidence was

unconstitutional, and that a defendant should be required to prove his

incompetence by only a preponderance of the evidence.        *Id*. at 369.

The district court dismissed West's petition on the ground that all claims

were procedurally barred from habeas review.  We reversed on West's        *Cooper*

claim, and remanded to the district court for consideration on the merits of

whether the state trial court had found West competent using an unconstitutional

burden of proof.    *West v. Gibson* , No. 98-7151, 1999 WL 339702 (10th Cir.

May 28, 1999) (unpublished).    [1]

---

[1]      West raised his   *Cooper*  claim in an application for post-conviction relief
before the Oklahoma Court of Criminal Appeals.  That court denied his
application, stating the issue could have been raised on direct appeal.  On appeal
to this court, we concluded this was not an adequate state ground sufficient to bar
(continued...)

On remand, the magistrate judge recommended that the petition be denied on the merits. The magistrate judge presumed that the state court utilized the unconstitutional "clear and convincing" burden of proof during the second competency hearing. *See Walker v. Gibson*, 228 F.3d 1217, 1226 (10th Cir. 2000). It found, however, that West failed to present *any* evidence at the second competency hearing that he was incompetent. Thus, even though the hearing was conducted under the unconstitutional burden of proof, the magistrate judge concluded that West failed to show that there would have been any doubt as to his competency had the court utilized the correct preponderance of the evidence standard. The district court adopted the magistrate judge's recommendations, and denied West's petition.

## II.

On appeal, West first contends that the district court erred in not conducting a hearing on remand, which he asserts this court ordered. Contrary to West's contention, we did not order the district court to conduct a hearing, but more generally to consider West's claim on the merits, rather than dismissing it as procedurally barred. *West*, 1999 WL 339702, at **3.

---

[1](...continued)
federal habeas review because it was not firmly established and regularly followed at the time of West's purported default. *West*, 1999 WL 339702, at **3.

-4-

West next contends the district court erred in ruling there was no bona fide doubt as to his competence at the time of his trial. Because the state trial court presumably held Mr. West to an unconstitutional burden of proof, we afford no presumption of correctness to its finding of competency. *See Wallace v. Ward*, 191 F.3d 1235, 1242 (10th Cir. 1999), *cert. denied*, 120 S. Ct. 2222 (2000). "Rather, this court must review his competency claim as if there had been no competency hearing at all." *McGregor v. Gibson*, 219 F.3d 1245, 1250 (10th Cir. 2000).

> A competency claim based upon procedural due process involves a defendant's constitutional right, once a bona fide doubt has been raised as to competency, to an adequate state procedure to insure that he is in fact competent to stand trial. A defendant is competent to stand trial if he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and if he has a rational as well as factual understanding of the proceedings against him.

*Walker*, 228 F.3d at 1227 (quotations omitted).

"In order to prevail on a procedural due process competency claim, a petitioner must establish that the trial judge ignored facts, viewed objectively, raising a bona fide doubt regarding the petitioner's competency to stand trial." *Id*; *see also McGregor*, 219 F.3d at 1251 ("The issue presented, therefore, is whether a bona fide doubt exists as to [petitioner's] competence at the time of his trial."). "We review this claim in light of the evidence available to the trial court." *Id.* We agree with the district court that West has not made this showing.

"Evidence of irrational behavior, demeanor at trial, and prior medical opinion regarding competence are relevant to a bona fide doubt inquiry." *Wallace* , 191 F.3d at 1243. "Other relevant factors include evidence of mental illness and any representations of defense counsel about the defendant's incompetence." *Walker* , 228 F.3d at 1227.

West was evaluated by Dr. Russell, a psychiatrist at Eastern State Hospital. Dr. Russell filed a report, introduced at the second competency hearing, stating that West understood that nature of the charges against him, was capable of assisting his counsel with his defense, and was therefore competent to stand trial. West did not rebut this evidence, present any evidence of his own to suggest that he was incompetent, or indeed even contest his competency. From our reading of the record, there is no evidence that West behaved bizarrely or irrationally in any way during either the second competency hearing or the subsequent plea hearing, and it appears that West was able to consult with his attorney. He answered the trial court's questions rationally, coherently and responsively, and appeared at all times to understand the nature of the proceedings.

West contends that the district court failed to consider the fact he was taking medications. Neither the state nor West made any mention during the competency hearing of whether he was on any medication during that proceeding. During the guilty plea proceedings, West did disclose to the state trial court that

he had been taking anti-psychotic and anti-depressant medications, and that he was on these medications at the time of his guilty plea.  Upon questioning by the judge, West denied that these medications prevented him in any way from understanding the nature of the proceedings.  West's attorney represented to the state trial court that he had no reason to believe West was not mentally competent to appreciate and understand the nature, purposes and consequences of the guilty plea proceedings or to assist in his defense.

Treatment with psychotropic medication, even with a history of mental illness, is insufficient to establish incompetence to stand trial.  *McGregor*, 219 F.3d at 1251.  We agree with the magistrate judge that the record reveals no bona fide doubt as to West's competency at the time of his guilty plea.  West has not demonstrated that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack*, 120 S. Ct. at 1604.  Thus, we find that West has not made the requisite "substantial showing

of the denial of a constitutional right," as required under 28 U.S.C. § 2253(c)(2) to obtain a COA.  We GRANT West's motion seeking to proceed *in forma pauperis*, DENY COA and DISMISS this appeal.  The mandate shall issue forthwith.

                                        Entered for the Court


                                        David M. Ebel
                                        Circuit Judge